2009 UT App 314

Maurine J. LLOYD, an individual, Plaintiff and Appellee,

v.

Cynthia M. LLOYD, an individual; Dennis S. Lloyd, an individual; and all persons unknown claiming any right, title, interest, and/or lien upon the real property described in the complaint adverse to Plaintiff's ownership or clouding title thereto, Defendants and Appellants.

No. 20081050–CA.

Court of Appeals of Utah.

Oct. 29, 2009.

Russell A. Cline, Salt Lake City, for Appellants.

Billie Crocker, Salt Lake City, for Appellee.

Before Judges BENCH, DAVIS, and THORNE.

## OPINION

DAVIS, Judge:

¶ 1 After the district court accepted a stipulation by the parties to sell certain real property, and after the property did not sell, the district court granted Plaintiff Maurine J. Lloyd's motion to extend the sales period. Defendants Cynthia M. Lloyd and Dennis S. Lloyd argue that the district court erred in granting the motion and in altering certain terms to which the parties had previously stipulated. We agree, and we reverse and remand to the district court.

## BACKGROUND

¶ 2 Plaintiff filed a complaint against Defendants, seeking to void a transfer of real property. The parties thereafter entered into a Stipulation and Agreement for a Court Supervised Sale of Real Property (the Stipulation). The Stipulation stated that the property at issue would be placed on the market for six months in an attempt to sell it for no less than $9.50 a square foot.

¶ 3 On July 10, 2007, the district court entered an order accepting the Stipulation and staying further proceedings in the case pending sale of the property. Although there was some interest in the property, including a pending sale at one point, the property ultimately did not sell in the six months provided for by the Stipulation, i.e., by January 10, 2008.

¶ 4 At a scheduling conference on May 19, 2008—over four months after the original sales period had expired—Plaintiff moved to extend the sales period for an additional six months from the date of the scheduling conference, stating that it would be good to try to sell the property during "the best time of the year." Shortly thereafter, and as allowed for by the district court, Defendants submitted a Memorandum in Opposition, arguing that the motion to extend the sales period was untimely and that Plaintiff presented no evidence that a sale was likely under an extension. Plaintiff then filed a reply memorandum contesting these arguments.

¶ 5 On August 5, 2008, the district court entered a minute entry granting Plaintiff's motion and requesting that Plaintiff's attorney prepare an order so reflecting. Plaintiff's attorney prepared an order, but Defendants objected to the form of the order. At a subsequent hearing on that objection, Defendants again raised timing issues and also argued against the order's designation of a different real estate agent than the one listed in the Stipulation. The district court overruled Defendants' objections and entered the prepared order. Defendants filed for interlocutory appeal, which we granted.

## ISSUES AND STANDARD OF REVIEW

¶ 6 Defendants argue that the district court erred in not adhering to the requirements of the Stipulation regarding an extension of the sales period. Although the district court was left some discretion in the Stipulation when granting an extension, the matters at issue here—regarding whether the district court actually followed the terms of the Stipulation respecting the time extension—are questions of law that we review for correctness. See *Zions First Nat'l Bank, N.A. v. National Am. Title Ins. Co.,* 749 P.2d 651, 653 (Utah 1988) ("Questions of contract interpretation not requiring resort to extrinsic evidence are matters of law, and on such questions we accord the trial court's interpretation no presumption of correctness."); *Coalville City v. Lundgren,* 930 P.2d 1206, 1209 (Utah Ct.App.1997) ("A stipulation is construed as a contract.").

## ANALYSIS

■ ¶ 7 Defendants argue that the district court erred by extending the sales period provided for in the Stipulation and by modifying terms the parties originally agreed to in the Stipulation. After having approved a stipulation by an order, a court is bound by such stipulation. *See First of Denver Mortgage Investors v. C.N. Zundel & Assocs.*, 600 P.2d 521, 527 (Utah 1979) ("Ordinarily, courts are bound by stipulations between parties."); *cf. DLB Collection Trust v. Harris*, 893 P.2d 593, 595 (Utah Ct.App.1995) ("It is settled that stipulations are conclusive and binding on the parties, unless good cause is shown for relief.").[1]

■ ¶ 8 We first address the timing of Plaintiff's motion for an extension. As to an extension, the Stipulation states,

> [T]he sale period may be extended for an additional six (6) months, by Court order, provided that the Court is persuaded that an additional six (6) month sale period will likely result in the sale of the Subject Property.... If the sale of the Subject Property is not concluded within six (6) months or a year as the case may be,[2] then this Stipulation and the Agreement to Sell Real Property shall be void ab initio....

The Stipulation does not specify that a motion for extension must be made before or at the expiration of the original six-month sales period. However, the language of the Stipulation anticipates such action when it first explains the method for extending and then states that the Stipulation will be void if there is no sale "within six (6) months or a year as the case may be." Further, the Stipulation speaks of "extending" the stipulated sales period to include another six months, not providing for an additional six-month sales period that may run at any time. The original sales period ended in January 2008, and it was not until May 2008 that Plaintiff even moved for the extension. Thus, at such a late date, the full benefit of an extension could not be enjoyed by Plaintiff.

■ ¶ 9 Even if Plaintiff's motion had been timely, an extension was not appropriately granted. The Stipulation provides for a six-month sale period, yet the Stipulation also states that the period may be extended for another six months "provided that the Court is persuaded that an additional six (6) month sale period will likely result in the sale of the Subject Property." The district court made no finding indicating that it was persuaded that an extension would likely result in a sale of the property. Plaintiff points to several facts that she argues could have supported such a finding, but most of those are largely irrelevant. First, the fact that the property was under contract and that the purchase later failed does not indicate a future sale is likely. Second, Defendants' alleged uncooperative actions[3] and the temporary unavailability of Defendants' counsel[4] also do not speak to how a future sale was likely to occur. Third, the simple assertion from Plaintiff's counsel that she would "really like to see the property re-listed" when "the best time of the year" was approaching is insufficient evidence to support a finding

---

1. "Such is not the case, however, when points of law requiring judicial determination are involved." *First of Denver Mortgage Investors v. C.N. Zundel & Assocs.*, 600 P.2d 521, 527 (Utah 1979). Such an exception is not applicable in this case.

2. It is not clear why the concurring opinion has not analyzed this phrase, allowing expiration to occur after one-year—as opposed to six months—in some situations. *See infra* ¶¶ 13, 15.

3. Plaintiff alleges that Defendants did not comply with the Stipulation during the original six-month sales period and suggests that their actions were the reason that the pending sale failed. But even were this the case, it is not an appropriate basis for the district court to order an extension of the sales period under the Stipulation. Instead, in the face of noncompliance, Plaintiff could have exercised her right under the Stipulation to seek a court order for sale of the property, which would have required an evidentiary hearing on the matter. She did not do so.

4. Plaintiff's brief inaccurately represents that Defendants' counsel was "unavailable from October 2007 to April 2008." Although Defendants' counsel filed a Notice of Unavailability in October 2007, his stated unavailability was only from the 5th to the 22nd of that month. Then, in January 2008, there was a substitution of defense counsel. But these facts fall quite short of supporting Plaintiff's claim that Defendants' counsel was unavailable for upwards of half a year.

that the property would likely sell. And finally, there is no evidence in the record—not even a mere reference during the hearing—that any listing packet was presented to the district court, as Plaintiff now claims occurred.[5] Thus, there was no finding that an extension of time would likely result in a sale of the property, and even if there had been, there was insufficient evidence before the district court to support such a finding.

■ ¶ 10 Further, even had the district court made the appropriate finding regarding the likelihood that the property would sell, the Stipulation only allowed the district court to extend the sales period and did not permit alteration of any of its other terms. The Stipulation unambiguously provided that "[t]he parties agree to retain the services of real estate agent/broker Ralph Riedel of Coldwell Banker Commercial ... to list the Subject Property and market the Subject Property for sale." The district court therefore erred by changing the listing agent to Equity Real Estate.[6] With the district court's only authority to order a sale of the property derived from the Stipulation and with the Stipulation by its terms having failed, the district court's only alternative was to set the case for trial.

### CONCLUSION

¶ 11 The district court erred in ordering an extension of the sales period without making the finding that a sale of the property was likely within such an extended period of time. The district court also erred by modifying the terms of the Stipulation. We therefore reverse the order of the district court and remand for further proceedings consistent with this opinion. We also award Defendants, as the prevailing party, their reasonable attorney fees incurred on appeal, as is provided for in the Stipulation, to be determined by the district court on remand.

¶ 12 I CONCUR: RUSSELL W. BENCH, Judge.

THORNE, Judge (concurring in result):

¶ 13 I concur in the result of the majority opinion, but I believe that the majority's analysis goes much further than is necessary to resolve this case. Under its plain language, the Stipulation expired when six months elapsed without a sale of the property or the seeking of an extension by one of the parties. Upon the expiration of the six months, the Stipulation became "void ab initio, of no force or effect," and there was nothing left for the district court to extend or modify. Accordingly, I would not reach the issues of whether the district court's extension and modifications would have been proper had an extension been timely sought and

---

5. Plaintiff argues that missing portions of the record are assumed to support the district court's decision and that we should therefore simply presume that the district court had the listing packet before it. This is an incorrect application of the case law on which Plaintiff relies. The case cited by Plaintiff, *Mascaro v. Davis*, 741 P.2d 938 (Utah 1987), simply supports the proposition that where a part of the record below—a transcript of a hearing in that case—was not made part of the record *on appeal*, we presume that the missing portions support the district court. *See id.* at 943. This case does not, however, imply that if a document was never made part of the record *below* we assume it was before the district court. Indeed, such an interpretation would entirely frustrate our ability to review the sufficiency of findings made by the district court because we would have to presume that all factual findings were supported by evidence that was never made part of the record below.

6. Defendants argue that the district court also erred by eliminating the minimum price requirement in its extension order. The Stipulation provided that any sale would be "at the highest possible sale price, no less than $9.50/square foot." We do not see that the district court's extension order specifically eliminated this requirement, but it was, instead, silent on the matter, indicating no change to the Stipulation's pricing terms.

There were, however, comments by Plaintiff's counsel at the hearing indicating that she understood that if a price below the Stipulation's minimum price was offered, the district court was free to accept such. We therefore reiterate that the district court is not free to change the terms of the Stipulation, which clearly provide for a minimum sales price. Thus, any sale that could be ordered by the district court would have to meet that minimum requirement. And, relatedly, any extension ordered by the district court must be based on the district court being persuaded that a sale under the Stipulation, i.e., a sale meeting the minimum price requirements, was likely.

would instead reverse the district court's order solely on the basis that the Stipulation had expired.

¶ 14 The Stipulation provided for a stay of the prosecution of Plaintiff's action for six months while the parties attempted to sell the property in accordance with the Stipulation's terms. Paragraph 7 of the Stipulation, captioned "Failure to Sell the Subject Property," addressed the expiration and possible extension of the Stipulation:

> If escrow is not opened for the sale of the Subject Property within six (6) months of the date of the Court's order on this Stipulation in an amount of not less than $9.50 per square foot . . ., then the stay of the Action shall be lifted and prosecution of this matter shall proceed.
>
> Notwithstanding the foregoing, the sale period may be extended for an additional six (6) months, by Court order, . . . or by stipulation of the parties. If the sale of the Subject Property is not concluded within six (6) months or a year as the case may be, then this Stipulation and the Agreement to Sell Real Property shall be void ab initio, of no force or effect, [and] the parties shall be restored to their positions status quo ante. . . .

The Stipulation further states that "[t]ime is of the essence in every obligation or any duty of the parties." *Cf. Century 21 All W. Real Estate & Inv. v. Webb*, 645 P.2d 52, 55 n. 1 (Utah 1982) ("Where the contract states that time is of the essence, cases hold that both parties are discharged from their contract obligations if neither makes tender by the agreed closing date.").

¶ 15 This language contemplates the need to obtain, or at the very least seek, an extension *prior* to the expiration of the initial six-month sales period. The consequences of a failure to do so are equally clear: "If the sale of the Subject Property is not concluded within six (6) months . . ., then this Stipulation and the Agreement to Sell Real Property shall be void ab initio. . . ." Thus, when the six-month period expired without a sale or extension, the Stipulation simply ceased to exist and there remained no extension provisions for the district court to apply.

¶ 16 Defendants gave up valuable consideration—the rights to not sell their real property and to defend Plaintiff's claims on the merits—to enter the Stipulation, but only for a limited time and on limited terms. As Plaintiff failed to seek an extension in accordance with those terms, the Stipulation expired when the Property failed to sell within six months. Upon the expiration of the Stipulation, Defendants were entitled to have the district court respect the terms of the parties' bargain, lift the stay, and continue the proceedings. *Cf. First of Denver Mortgage Investors v. C.N. Zundel & Assocs.*, 600 P.2d 521, 527 (Utah 1979) ("Ordinarily, courts are bound by stipulations between parties."). Accordingly, I would reverse the district court's order solely on this basis, without consideration of the district court's authority to extend or modify the Stipulation if such had been timely sought.